**FILED**

Jeffrey A. Apperson, Clerk

JUN 25 2007

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CASE NO.: 3:06-CR-92-H**

**UNITED STATES OF AMERICA,**                                    **PLAINTIFF**

**v.**

**WELBY THOMAS COX,**                                            **DEFENDANT**

## JURY INSTRUCTIONS

MEMBERS OF THE JURY:

Now that you have heard all the evidence and the arguments of the attorneys, it is my duty to give you instructions regarding the law that you must follow in deciding this case.

It is your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy, prejudice, or bias for or against the defendant or the United States. Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth from the evidence presented and to apply that truth to the legal instructions I shall give you.

You must follow the law as I explain it to you whether you agree with the law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against the defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove

his innocence or produce any evidence at all. The United States has the burden of proving the

defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant

not guilty.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable

doubt is a real doubt based on reason and common sense after careful and impartial consideration

of all the evidence in the case. It may arise from the evidence, the lack of evidence, or the nature

of the evidence.

Proof beyond a reasonable doubt, therefore, is proof that is so convincing that you would

not hesitate to rely and act on it in making the most important decisions in your own lives. If you

are convinced that the United States has proved the defendant guilty beyond a reasonable doubt,

say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty

verdict.

As I explained previously, you must decide what the facts are from the evidence that you

saw and heard here in court. You may consider only the evidence that I have admitted in this

case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits

admitted in the record. Do not let rumors, suspicions, or anything else that you may have seen or

heard outside of court influence your decision in any way.

Remember that anything the lawyers say is not evidence in the case. It is your own

recollection and interpretation of the evidence that controls. What the lawyers say is not binding

upon you.

In considering the evidence you may draw reasonable inferences, deductions, and

conclusions from the testimony and exhibits which reason and common sense lead you to make.

In saying that you must consider all the evidence, I do not mean that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Remember, witnesses are not the property of either defendant or the United States; they merely give testimony which you should consider. Concentrate on that, not the numbers.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Also, do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

In this case, the indictment charges thirty-nine (39) offenses called "counts." The number

of counts is not evidence of guilt, and this should not influence your decision in any way.  The

Defendant is on trial only for the particular crimes charged in the indictment.  It is your duty to

consider separately the evidence that relates to each count, and to return a separate verdict for

each charge.  For each count, you must decide whether the government has presented proof

beyond a reasonable doubt that the defendant is guilty of that particular charge.  Your decision on

one count, whether it is guilty or not guilty, should not influence your decision on any of the

other counts.

**INSTRUCTION NO. 1**

The Defendant, Welby Thomas Cox, is charged with thirty-nine (39) counts of transporting or causing to be transported in interstate commerce money valued at $5,000.00 or more, which had been stolen, converted, or taken by fraud, in violation of Title 18 United States Code Section 2314. To prove the offense of interstate transportation of stolen money in violation of Title 18 United States Code Section 2314, the United States must prove all of the following elements beyond a reasonable doubt:

(1) First: That the Defendant transported or caused to be transported, in interstate commerce, the money described in the Indictment;

(2) Second: That at the time of such transportation, the Defendant knew that the money had been stolen, converted or taken by fraud; AND

(3) Third: That the money, in each count, had a value of $5,000.00 or more.

The word "stolen" includes any wrongful and dishonest taking of property with the intent to deprive the owner of the rights and benefit of ownership. The word "converted" means the unauthorized exercise of control over the property of another inconsistent with the owner's rights.

The word "value" means the face, par, or market value, whichever is greater.

The term "interstate commerce" includes any movement or transportation of money from one state into another state, the District of Columbia, and any commonwealth, territory, or possession of the United States.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, and not because of mistake or accident.

You must apply these instructions to each one of the thirty-nine (39) counts set forth in the Jury Verdict Form. You must consider each of these charges separately. If you are convinced that the Government has proved all of these elements beyond a reasonable doubt for a particular count, say so by returning a guilty verdict on that particular count of the Jury Verdict Form. If you have a reasonable doubt about any of these elements as to a particular count, then you must find the Defendant not guilty on that particular count.

## INSTRUCTION NO. 2

Next, I want to explain several things about determining a Defendant's state of mind or knowledge.

First, about Defendant's state of mind.  Ordinarily, there is no way that a Defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.  But a Defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the Defendant's mind.  You may also consider the natural and probable results of any acts that the Defendant knowingly did or did not do, and whether it is reasonable to conclude that the Defendant intended those results.  This, of course, is all for you to decide.

Next, I want to explain something about proving a Defendant's knowledge.

No one can avoid responsibility for a crime by deliberately ignoring the obvious.  If you are convinced that the Defendant deliberately ignored a high probability that the monies transferred from the Chase Bank account in Houston, Texas, in the name of the North Central Texas Foundation, to bank accounts in Kentucky, as charged in the thirty-nine (39) counts of the Superceding Indictment, were stolen, converted, or taken by fraud, then you may find that he knew this when he transferred or caused the transfer of these monies.

But to find this, you must be convinced beyond a reasonable doubt that the Defendant was aware of a high probability that the monies transferred from the Chase Bank account in Houston, Texas, in the name of the North Central Texas Foundation, to bank accounts in Kentucky, as charged in the thirty-nine (39) counts of the Superceding Indictment, were stolen,

converted, or taken by fraud, and that the Defendant deliberately closed his eyes to what was obvious.  Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict. This, of course, is all for you to decide.

A verdict on any specific Count on the Jury Verdict Form must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Each of your verdicts must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. It is your duty as jurors to consult with one another, and to deliberate with a view toward reaching agreement, if you can do so without violence to individual judgment. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.

You must decide the case for yourself, but only after an impartial consideration of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, you are the judges of the facts. Your only interest is to seek the truth from the evidence in the case.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

If you decide that the government has proved the defendant guilty, then it will be my job

to decide what the appropriate punishment should be.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.  Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Upon retiring to the jury room, you will select one of your number to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

A Jury Verdict Form has been prepared for your convenience.  You will take this form to the jury room and, if and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the forms which set forth the verdict with respect to each count in the case.  You will then return with your verdict to the courtroom.