UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:06CR-92-H

UNITED STATES OF AMERICA                                                                   PLAINTIFF

V.

THOMAS WELBY COX                                                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant, Thomas Welby Cox, has moved for a new trial on the grounds that a prosecution witness has recently recalled some new information about the case. Defendant says that the new information casts doubt on his conviction.

Stephanie Haysley, formerly a vice president at National City Bank, now remembers the bank rejecting a $25,000,000 wire transfer. If true, this suggests that Defendant was making efforts to cure his financial woes.

In a motion for a new trial, "[i]f there is an issue of credibility of the newly discovered evidence, the role of the judge is that of fact finder." C. Wright, *Federal Practice and Procedure* § 557 (1982); *see also, United States v. Wilkerson*, 251 F.3d 273, 278 (1st Cir. 2001); *United States v. Diggs*, 649 F.2d 731, 740 (9th Cir. 1981). Defendant bears the burden of showing that a new trial should be granted. To meet this burden, Defendant must meet all of the following four elements: (1) the evidence must have been discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an

acquittal. *United States v. Blackwell*, 459 F.3d 739, 768 (6th Cir. 2006). Even if Defendant meets this standard, the Court may exercise its discretion whether or not to grant the motion. *Petro v. United States*, 210 F.2d 49, 53 (6th Cir. 1954); *United States v. Wright*, 625 F.2d 1017, 1019 (1st Cir. 1980); *United States v. Williams*, 613 F.2d 573, 575 (5th Cir. 1980).

While Ms. Haysley's memory of these events may be new, it is not so clear that the information itself meets the demands for a new trial. Defendant testified at length at trial. The Court cannot recall that he ever mentioned the likelihood of a $25,000,000 deposit to one of his accounts. If such a deposit had been possible, surely Defendant would have remembered it. Such a cash infusion would have required considerable effort and negotiation that Defendant could not have forgotten.

Even if true, this new evidence would not change the result. Defendant's inability to clean up his financial mess was not a crime; rather, it was the initial misrepresentations and fraud against investors. More than likely, Ms. Haysley's new memory is incorrect because none of the bank records confirm the supposed attempted transaction; and, apparently Defendant has no memory of it. If the transaction was attempted, Defendant should have remembered it and brought it to the Court's attention.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for a new trial is DENIED.

cc: Counsel of Record