UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CRIMINAL ACTION NO. 3:06-CR-92-H

WELBY THOMAS COX                                                           PETITIONER

v.

UNITED STATES OF AMERICA                                                RESPONDENT

**MEMORANDUM OPINION AND ORDER**

Respondent, Welby Thomas Cox, has moved to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the Court denies this motion.

I.

On May 7, 2007, a Superseding Indictment charged Cox with thirty-nine counts of causing the transfer of monies in interstate commerce in amounts exceeding $5,000, knowing that these monies had been stolen, converted or taken by fraud, in violation of Title 18 United States Code, Section 2314. The Superseding Indictment also alleged that Cox solicited over $4 million in an investment program which falsely promised investors, *inter alia*, that their investment would remain in the United States and be secured by $122 million in assets which Cox owned or controlled.

Cox's case went to trial on June 19, 2007. On June 26, 2007, the jury returned verdicts of guilty on all thirty-nine counts of the Superseding Indictment. On October 11, 2007, this Court sentenced Cox to a term of imprisonment of 75 months. The case was appealed to the Sixth Circuit Court of Appeals. In a decision rendered by that court on December 16, 2009, Cox's convictions on Counts 31-39 were vacated and his conviction on the remaining counts

were affirmed. The vacated counts related to transfers of monies from the trust account in Texas during a time period when Cox was hiding out and his whereabouts were unknown. The trust account during that time was managed and directed by an associate of Cox's. The case has been remanded to this Court for re-sentencing.

On January 6, 2010, Cox filed this petition to have his conviction set aside, alleging ineffective assistance of his counsel. Two complaints are raised by Cox in the § 2255 petition. Both allege that his attorneys were constitutionally ineffective because they failed to secure his Sixth Amendment right to be present at all proceedings which occurred in his case. First, he complains that "after the trial had ended and jury had been sequestered for deliberation" the prosecutor sought a conference with the Court and defense counsel, purportedly to discuss matters related to "a twenty-five million wire to the corporate escrow [account]." Second, Cox references a conversation which purportedly occurred between a "staff person" and one of his attorneys in which the staff person stated that "the jury was . . . was trying to discover the meaning of certain terms, most specifically . . . being 'bank guarantee.'" Additionally, Cox alleges that the staff person stated that the prosecution was "scurring (sic) around trying to find the answers for them."

II.

To set aside his conviction or sentence based on ineffective assistance of counsel, Cox must make a two-prong showing. First, he must show that his counsel's performance "fell below an objective standard of reasonableness . . . ." Second, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (quoting *Strickland v. Washington*, 466 U.S.

668, 687-94 (1984)). To constitute the sort of prejudice *Strickland* contemplated, "counsel's errors [must] have undermined the reliability of and confidence in the result" of the criminal proceeding. *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. at 372 (emphasis added); and *see Williams v. Taylor*, 529 U.S. 362, 393 (2000) (explaining *Fretwell*; where ineffectiveness of counsel does not deprive the defendant of a right to which the law entitles him, the prejudice component of *Strickland* is not satisfied).

The record in this case shows no clarification of the term, "bank guarantee," or any other term, was sought by the jury or provided to the jury by the Court after deliberations begun. Cox's allegation that he and his counsel were unconstitutionally left out of an "ex parte" communication between the prosecution and the Court, or between the prosecution and the jury, or between the Court and the jury prior to the verdicts having been rendered in open court is wholly without factual support. No such communications ever occurred in his case and the transcript from the trial, likewise, shows no such communications occurring.

The Court did speak with members of the jury after the verdicts were rendered and the jurors were discharged from their responsibilities. This is a practice engaged in by many judges following conclusions of both civil and criminal trials. Likewise, conversations between the Court and Cox's counsel after the trial had concluded do not implicate Cox's Sixth Amendment right to effective assistance of counsel, nor his right to be present at all proceedings in his case. These matters took place after Cox's trial had been completed and had no effect whatsoever on any proceedings in Cox's trial. Cox fails to show how such communications prejudiced him in

any way.

Cox has failed to meet either of the two prongs required by the holding in *Strickland v. Washington*. A strong presumption must be given that the performance of Cox's counsel fell within the range of reasonably professional assistance. *Strickland*, 466 U.S. at 689. Cox fails to overcome that presumption. Cox's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 should therefore be denied.

A certificate of appealability from a denial of a § 2255 petition may be issued only if a petitioner "has made a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2255(c)(2). Under this standard, a petitioner must demonstrate that reasonable jurists would find that the district court's assessment of his claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has failed to do so.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Petitioner's request under 28 U.S.C. § 2255 is DENIED.

IT IS FURTHER ORDERED that the Court declines to issue a certificate of appealability.

cc:    Welby Thomas Cox, *Pro Se*
       Counsel of Record