UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

WELBY THOMAS COX                                                                                      Movant/Defendant

v.                                                    Criminal Action No. 3:06-cr-92-RGJ

UNITED STATES OF AMERICA                                     Respondent/Plaintiff

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant Welby Thomas Cox filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DN 140).[1] Defendant also filed a motion for leave to proceed without the prepayment of fees (DN 142). However, there is no filing fee associated with filing a § 2255 motion. Accordingly, **IT IS ORDERED** that the motion (DN 142) is **DENIED as moot**.

For the reasons stated below, the motion must be dismissed for lack of jurisdiction.

**I.**

Cox was convicted by a jury on thirty-nine counts of causing the transfer of monies in interstate commerce in amounts exceeding $5,000, knowing that these monies had been stolen, converted, or taken by fraud in violation of 18 U.S.C. § 2314 on June 26, 2007. On October 11, 2007, this Court sentenced Cox to a term of imprisonment of 75 months and three years of supervised release. Cox appealed. The Sixth Circuit vacated the convictions on Counts 31-39 and affirmed the conviction on the remaining counts. On remand, the Court re-sentenced Cox to the same seventy-five month sentence and three-year term of supervised release.

---

[1] This case was originally assigned to the Hon. Judge John G. Heyburn. It was reassigned to the undersigned on January 16, 2020, pursuant to General Order 2015-02 (DN 144).

According to the Bureau of Prison's website, Cox was released from federal custody on December 27, 2012. *See* https://www.bop.gov/inmateloc/ BOP Register No. 09962-033. He also completed his term of supervised release.

## II.

Under § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress" may challenge that sentence on grounds "that [it] was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "[C]ourts do not consider the merits of § 2255 motions filed by persons no longer in custody." *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012). A person released from federal custody but serving a term of supervised release remains "in custody" for purposes of § 2255. *United States v. Zack*, No. 98-1526, 1999 U.S. App. LEXIS 1574, at *2 (6th Cir. Feb. 1, 1999). If, however, a movant has completed his sentence of imprisonment and he has no further term of imprisonment or supervised release to serve, his § 2255 motion is moot and must be dismissed for lack of jurisdiction. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Because Cox has been released and has completed his term of supervised release, his § 2255 motion must be dismissed for lack of jurisdiction. The Court will enter a separate Order of dismissal.

## III.

In the event that Cox appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A district court must issue or

deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id*. at 484. In such a case, no appeal is warranted. *Id*. This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date: February 5, 2020

Rebecca Grady Jennings, District Judge
United States District Court

cc: Movant/Defendant, *pro se*
United States Attorney
A961.010