UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                    Criminal Action No. 3:06-cr-92-RGJ-1

WELBY THOMAS COX                                           Defendant

* * * * *

**MEMORANDUM OPINION & ORDER**

Pro se defendant Welby Thomas Cox ("Cox"), proceeding post-conviction, asks the Court to limit the Treasury Department's withholding of Social Security benefits under the Treasury Offset Program. [DE 147]. The United States responded. [DE 150]. For the reasons below, Cox's motion [DE 147] is **DENIED**.

**I. BACKGROUND**

In 2007, a jury convicted Cox of 39 counts of transporting stolen money in interstate commerce. [DE 48]; *accord* 18 U.S.C. § 2314. He was sentenced to 75 months' imprisonment and ordered to pay $348,000 in restitution. [DE 59]. On appeal, nine of the 39 counts were vacated. [DE 82]. While Cox's term of incarceration did not change, the amount of restitution was reduced to $285,000. [DE 97]. That sentence was affirmed. [DE 119]. The matter was transferred to the Southern District of Indiana, [DE 132]; *accord* 18 U.S.C. § 3605, which accepted and assumed jurisdiction. *See* Order, *United States v. Cox*, No. 1:14-cr-147-JMS-DKL-1 (S.D. Ind. Oct. 1, 2014), ECF No. 3. More recently, this Court denied Cox's motion to vacate, set aside, or correct his sentence. [DE 146]; *accord* 28 U.S.C. § 2255.

The United States asserts that nearly all of Cox's restitution remains unpaid. [DE 150 at 1584]. The Southern District of Indiana, as part of their collection efforts, placed Cox in the

Treasury Offset Program. [DE 147-1]. In August 2024, the Treasury Department notified Cox that it had applied some of his Social Security benefits toward his delinquent restitution. [DE 147-1]. That prompted Cox to file the instant motion. He asks the Court "to issue an order compelling the United States Department of the Treasury to cease from unlawfully garnishing 100% of [his] Social Security benefits." [DE 147 at 1576]. The United States responded. [DE 150].

## II. ANALYSIS

"The Treasury Offset Program ("TOP") is a federal program, governed by the Debt Collection Act of 1982 and Debt Collection Improvement Act of 1996, that allows the Department of the Treasury ("Treasury") to collect delinquent non-tax debts owed to the federal government." *Adigun v. IRS*, No. 1:20-cv-3676-AT-SN, 2021 WL 4709751, at *1 (S.D.N.Y. Jul. 27, 2021), *report and recommendation adopted*, 2021 WL 4219664 (S.D.N.Y. Sep. 16, 2021); *see also* 31 U.S.C. § 3716(a). "The Treasury collects these non-tax debts by withholding funds that would otherwise be paid to an individual by other federal agencies, including Social Security payments or tax refunds." *In re Thompson*, Adv. Pro. No. 22-3011 (AMN), 2023 WL 3800614, at *5 (Bankr. D. Conn. Jun. 2, 2023); *see also* 26 U.S.C. § 6402; 31 C.F.R. § 285.5. Under this program, offsets against Social Security benefits are "availab[le]" but "limited." *Lockhart v. United States*, 546 U.S. 142, 144 (2005).

### A. Jurisdiction

As a threshold matter, Cox has not established that his motion is justiciable here. "The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." *Badgerow v. Walters*, 596 U.S. 1, 7 (2022). Cox's motion invokes "28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1346(a)(2) (United States as a defendant)." [DE 147 at 1576]. But those statutes cover civil actions. Nothing of record indicates

that a federal district court may assert jurisdiction over the Treasury Department in the manner Cox requests. [*See id.* at 1577].

Furthermore, even assuming a federal district court may hear Cox's motion, it is not clear that *this* Court may do so.[1] The Southern District of Indiana now possesses "all powers over" imprisonment, probation, and supervised release in this matter. 18 U.S.C. § 3605; *see also United States v. Adams*, 723 F.3d 687, 689 (6th Cir. 2013). And it was the Southern District of Indiana that placed Cox in the Treasury Offset Program. [DE 147-1]. This Court retains jurisdiction over conviction issues such as Cox's prior collateral attack under Section 2255. *See United States v. Cottom*, No. 6:15-CR-06054 EAW, 2021 WL 3046643, at *2–3 (W.D.N.Y. July 20, 2021) (citing *Napoles v. United States*, 536 F.2d 722, 724, 726 (7th Cir. 1976)). While restitution is a sentencing issue, *see* 18 U.S.C. § 3664, this motion relates to the manner in which another agency is collecting that restitution. In short, Cox has not established that this Court has the power to grant his motion.

## B. Administrative Remedies

Cox's motion asserts that he "has sought relief through the Social Security Administration and the Attorney General's office, but no corrective action has been taken." [DE 147 at 1576]. In its response, the United States argues that "Cox fails to allege any facts establishing exhaustion of his administrative remedies." [DE 150 at 1586].

Under the doctrine of exhaustion of administrative remedies, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006) (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969)). "Proper exhaustion demands compliance with an agency's deadlines and

---

[1] Cox has also lodged two similar requests in Indiana. Both remain pending. *See* Notice of Removal, *Cox v. U.S. Dist. Attorney*, No. 1:24-cv-1122-JRS-MKK (S.D. Ind. Jul. 3, 2024), ECF No. 1; Complaint, *Cox v. U.S. Dept. of Justice*, No. 1:23-cv-01601-JPH-MJD (S.D. Ind. Aug. 16, 2023), ECF No. 1.

other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90–91. TOP specifically delineates for debtors "an opportunity for a review within the agency of the decision of the agency related to the claim." 31 U.S.C. § 3716. A debtor must exhaust administrative remedies by utilizing the available agency review process before seeking judicial relief in court. *See, e.g.*, *Ohan v. Schmidt*, 3:22-cv-182-JMK, 2023 WL 2647533, at *3 (D. Alaska Mar. 27, 2023) ("A party seeking redress in federal court for allegedly improper offset payments by the Treasury Department must first exhaust all administrative remedies."); *Bright v. U.S. Dep't of Treasury,* No. 6:18-3090-cv-RK, 2018 WL 4926307, at *2 (W.D. Mo. Oct. 10, 2018), *aff'd*, No. 18-3417, 2019 WL 2152671 (8th Cir. May 13, 2019) (dismissing for lack of subject matter jurisdiction a claim for return of Social Security benefits offset by Treasury Department because plaintiff failed to exhaust his administrative remedies); *United States v. Daniels*, No. 15-cr-96001, 2017 WL 1538457, at *2 (N.D. Okla. Apr. 28, 2017); *Benjamin v. United States*, No. 3:13-cv-313, 2014 WL 3900220, at *5 (M.D. Penn. Aug. 8, 2014); *United States v. Beulke*, 892 F. Supp. 2d 1176, 1187 (D.S.D. 2012); *United States v. Mayer*, No. 04-cr-100-1, 2010 WL 4916561, at *1 (D.N.H. Dec. 3, 2010).

However, at least one court has found that it is not clear whether the exhaustion of any administrative remedies is mandatory in this context, noting that "the Administrative Procedure Act imposes no prerequisite of administrative exhaustion unless it is 'expressly required by statute or agency rule.'" *United States v. Hughes*, 813 F.3d 1007, 1010 (D.C. Cir. 2016) (quoting *Darby v. Cisneros,* 509 U.S. 137, 143 (1993)) (internal citation omitted). In *Hughes*, the United States argued that a movant was "barred by her alleged failure to exhaust administrative remedies" regarding her challenge of offset funds. *Id.* But the court noted in dicta that "the government point[ed] to no statute or rule expressly imposing any such requirement." *Id.* The posture of

*Hughes* is distinguishable from Cox's claim here. In *Hughes*, the question at issue was whether in cases where a sentencing court expressly declines to order restitution immediately payable, the Government's collection efforts through TOP may exceed the amounts due according to the Court's payment schedule. Here, the issue is whether the agency (Treasury) is complying with its own regulations and requirements. There is no factual dispute that Cox failed to exhaust administrative remedies.

### C. Benefits Withheld

According to Cox's motion, "[t]he United States Attorney General at Indianapolis has ordered the U.S. Department of the Treasury to withhold 100% of [his] Social Security benefits." [DE 147 at 1576]. Cox argues that this "is in direct violation of the 15% limitation imposed by 31 U.S.C. § 3716(c)(3)(A)." [*Id.*]. In its response, the United States argues that Cox "did not have more than 15% of his benefit withheld." [DE 150 at 1587].

It appears to be undisputed that an offset of "15% of the monthly covered benefit payment" would be appropriate here. *See* 31 C.F.R. § 285.4(e)(1)(ii). As the United States correctly notes, according to Cox's own exhibit, that is exactly what was withheld from his Social Security benefits: the Treasury Department's letter reports an "original payment amount" of $1,384.00, with $207.60 "applied to [Cox's] debt." [DE 147-1]. The fact that only 15 percent was withheld is reinforced by the United States' exhibit, which logs a "payment amount" of $185.96 towards Cox's debt. [DE 150-1 at 1590]. That is purportedly the amount withheld minus "a TOP fee of $21.64." [DE 150 at 1586]; *see also* 31 C.F.R. § 285.4(g) (providing that a "fee . . . sufficient to cover the full cost of the offset procedure[] shall be deducted from each offset amount"). As there is no evidence in the record that more than 15 percent was withheld, and in fact the undisputed facts show that just 15 percent was withheld, it does not appear there is any violation of the regulations associated with the percentage of offset.

### III. CONCLUSION

For all the reasons set forth above, and the Court being sufficiently informed, **IT IS ORDERED** that Cox's motion [DE 147] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

December 5, 2024