UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                    Plaintiff

v.                                                                          Criminal Action No. 3:06-cr-92-RGJ-1

WELBY THOMAS COX                                                                            Defendant

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Before the Court are various motions to address several alleged issues related to *pro se* defendant Welby Thomas Cox's ("Cox's") ordered restitution and Cox's claims that this Court's prior judgment required the Bureau of Prisons to compensate him for wrongful imprisonment. [DE 152; DE 156; DE 161; DE 162; DE 165; DE 168; DE 170; DE 171; 172]. The United States responded to Cox's Motion for an Evidentiary Hearing and Cox's Motion to Enforce Prior Order, for Determination of Contempt, or in the alternative, Certification for Mandamus. [DE 155 and DE 160]. These motions are now ripe. For the reasons below, Cox's motions [DE 152; DE 156; DE 161; DE 162; DE 165; DE 168; DE 170; DE 171; 172] are **DENIED**.

### I. BACKGROUND

In 2007, a jury convicted Cox of 39 counts of transporting stolen money in interstate commerce. [DE 48; *accord* 18 U.S.C. § 2314]. He was sentenced to 75 months' imprisonment and ordered to pay $348,000 in restitution. [DE 59]. On appeal, nine of the 39 counts were vacated and the case was remanded to this Court to "enter a new judgment." [DE 82 at 1271]. Before the new judgment was even entered, Cox filed a Motion to Vacate under 28 U.S.C. § 2255 for ineffective assistance of counsel among other assertions. [DE 84]. The Court denied this motion. [DE 88]. Cox was re-appointed counsel for his re-sentencing. [DE 90].

Cox was re-sentenced on March 22, 2010 and a new judgment entered on March 29, 2010.[1] [DE 92]. While Cox's term of incarceration did not change, the amount of restitution was reduced to $285,000. [DE 97]. That sentence was appealed [DE 102] and later affirmed. [DE 119].

On request from the United States Probation Office, jurisdiction was transferred to the Southern District of Indiana, [DE 132; *accord* 18 U.S.C. § 3605], which accepted and assumed jurisdiction effective October 1, 2014. [*See* DE 134; Order, *United States v. Cox*, No. 1:14-cr-147-JMS-DKL-1 (S.D. Ind. Oct. 1, 2014), ECF No. 3]. Then on December 26, 2019, Cox filed another Motion to Vacate under 28 U.S.C. Section 2255, which this Court denied. [DE 140; DE 146]. Throughout the entirety of this litigation, Cox sent *pro se* letters to the Clerk's office and filed numerous unauthorized documents and requests.

The Southern District of Indiana, having jurisdiction over Cox's supervision, then placed Cox in the Treasury Offset Program ("TOP) to collect unpaid restitution. [DE 147-1]. In August 2024, the Treasury Department notified Cox that it had applied his Social Security benefits toward his delinquent restitution. [DE 147-1]. Cox then filed a motion seeking this Court "to issue an order compelling the United States Department of the Treasury to cease from unlawfully garnishing 100% of [his] Social Security benefits." [DE 147 at 1576]. On December 5, 2024, the Court denied Cox's motion finding that it lacked jurisdiction over the issue, that Cox had failed to exhaust his administrative remedies, and that Cox had failed to show that the Department of Treasury was withholding more than "15% of the monthly covered benefit payment" authorized by law. *See* 31 C.F.R. § 285.4(e)(1)(ii). [DE 151].

Cox initiated collateral proceedings *pro se* in the Southern District of Ohio against the Department of Justice ("DOJ") and the United States Attorney for the Southern District of Indiana

---

[1] The judgment was later amended to reflect the proper payee for the restitution. [DE 97].

in August 2023. *See Cox v. United States Dep't of Just. et al*, 1:23-cv-00520-MRB-KLL, ECF No. 1. The case was transferred to the Southern District of Indiana, where the district court screened and dismissed Cox's claims. *See Cox v. United States Dep''t of Just. et al*, No. 1:23-cv-01601-JPH-MJD, ECF No. 21. On appeal, the Seventh Circuit found that Cox had plausibly alleged that the DOJ failed to comply with the notice and review requirements in the offset statute, the collection of his restitution debt through TOP. *See Cox v. United States Dep''t of Just.*, No. 24-1606, 2024 WL 4635241 (7th Cir. Oct. 31, 2024). That case remains pending.

### A. Present Motions

Before the Court are a series of related motions which Cox filed following this Court's December 5, 2024 ruling:

On December 18, 2024, Cox filed a motion for reconsideration of the Court's decision requesting that the Court "amend or supplement its ruling to address" certain issues. [DE 161 at 1651].

On January 14, 2025, Cox filed a motion seeking an evidentiary hearing to address multiple issues, including the alleged failure of the BOP to compensate Cox for unlawful confinement, the alleged failure of the Court to sign and acknowledge the certified mail receipt, and the alleged improper increase in restitution payments. [DE 152]. The United States filed a response in opposition to the motion on February 14, 2025. [DE 155].

On April 21, 2025, Cox filed a Motion to Enforce Prior Order, for Determination of Contempt, or in the alternative, Certification for Mandamus. [DE 156]. The United States responded on May 19, 2025. [DE 160].

On May 27, 2025, Cox filed a motion requesting the Court "strike or disregard" the United States' response [DE 160] for non-service or, in the alternative, grant Cox "a 14-day extension to

respond after service is properly made and proven." [DE 162 at 1657].[2] The United States has not responded.

On June 4, 2025, Cox filed a motion asking the Court to "expand the record and take judicial notice of the deletion of material records in a related federal proceeding in the Western District of Kentucky." [DE 165 at 1667]. The United States has not responded.

On July 29, 2025, Cox filed a motion seeking to enjoin the Department of Treasury from increasing his TOP social security deduction from $226 to $239.70. [DE 168 at 1692]. The United States has not responded.

On September 2, 2025, Cox filed a motion requested that the Court "1. Enforce the remand and compensation order issued in Case No. 3:06-CR-00092[;] 2. Vacate the unlawful restitution garnishment of 15% from Plaintiffs monthly Social Security benefits[; and] 3. Compel action where government agencies and/or lower courts have failed to act, pursuant to 28 U.S.C. § 1361 (mandamus relief)." [DE 170 at 1709]. The United States has not responded.

On September 22, 2025, Cox filed a motion to compel a response from the United States or, in the alternative, for a status conference, regarding the United States' alleged admission that "the 53¢ per hour order. . . 'never happened.'" [DE 171 at 1714]. The United States has not responded.

Finally, on October 10, 2025, Cox filed a motion "to expand the record and for judicial notice regarding deletion, omission, or misrepresentation of the remand order issued by the Sixth Circuit." [DE 172 at 1721]. The United States has not responded.

---

[2] The Motion is titled "Notice Of Non-Service And Motion To Strike Or Disregard Plaintiff's Filing For Failure To Serve."

## II. ANALYSIS

Cox's motions can be distilled into three categories: (1) motions challenging the Department of Treasury's garnishment of Cox's social security benefits under the TOP; (2) motions seeking enforcement of an alleged order from this Court requiring the BOP to compensate Cox for $0.53/hour for time served in lieu of releasing him;[3] and (3) motions seeking other procedural relief. Given the substantive overlap in Cox's motions, the Court addresses each issue in turn and disposes of the motions accordingly.

### A. Restitution and TOP Payments

In this Court's prior order, the Court explained that Cox had failed to show that the relief requested was within this Court's power to grant. [DE 151]. Moreover, the Court found that Cox had not shown he was entitled to relief, both because he had failed to demonstrate that he had exhausted his administrative remedies under the APA or that the garnishment of his social security benefits was unlawful. [*Id.*].

In his motion for an evidentiary hearing [DE 152], Cox persists in arguing that the TOP garnishment is improper. Cox alleges that the DOJ increased his monthly restitution payments from 15% of his social security benefit to 17% and that the increase was imposed "without any order or modification from the originating Court." [*Id.* at 1599-1600]. To the extent Cox alleges that the TOP offset program imposes restitution inconsistent with Cox's sentence, this could raise a justiciable issue because this Court as the sentencing court, has jurisdiction to amend its restitution order in the criminal case. [*See, e.g.,* DE 96 (modifying restitution order)]. *See also U.S. v. Yielding*, 657 F.3d 722, 723 (8th Cir. 2011); *U.S. v. Resnick*, 594 F.3d 562, 565, 569 (7th

---

[3] At the time of the alleged order, former Chief Judge John G. Heyburn II was presiding.

Cir, 2010); *U.S. v. Mays*, 430 F.3d 963, 966-967 (9th Cir. 2005); *U.S. v. Scarboro*, F.Supp.2d 714, 716,717 (E.D. Va. 2005).

After reviewing Cox's submissions, however, he once again fails to show that these alleged issues are properly before this Court and, further, fails to allege any violations of applicable law. First, Cox does not address the Court's prior opinion expressing doubt that "that a federal district court may assert jurisdiction over the Treasury Department in the manner Cox requests." [DE 151 at 1595]. "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Cox has not cited any authority, statutory or otherwise, that would permit this Court to modify his sentencing.

But even if he had, Cox is not challenging his *sentence*, i.e., his court-ordered restitution. Rather, Cox raises challenges to the TOP offset, something plainly outside the scope of this now-closed criminal action. As explained by the Sixth Circuit in *Hayes*,

> [a] restitution order acts as a lien in favor of the government, and, aside from specific exceptions, the government may enforce a restitution order "by all other available and reasonable means." *United States v. Gallion*, 504 F. App''x 373, 376-77 (6th Cir. 2012) (quoting 18 U.S.C. § 3664(m)(1)(A)(ii)). One means of enforcing a restitution order is the Treasury Offset Program. *See United States v. Campbell*, 245 F. App''x 505, 507 (6th Cir. 2007). Under that program, "any federal agency with a claim against the debtor, after notifying the debtor that the debt is subject to administrative offset and providing an opportunity to dispute the debt or make arrangements to pay it, may collect the debt by administrative offset." *Johnson v. U.S. Dep't of Treasury*, 300 F. App''x 860, 862 (11th Cir. 2008) (per curiam). All funds payable by the United States to an individual who owes certain federal debts are subject to offset unless exempted by statute. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

*United States v. Hayes*, No. 23-3252, 2023 WL 10553977, at *2 (6th Cir. Nov. 13, 2023).

Accordingly, Cox is mistaken that an "order or modification from the originating Court" was necessary for the Treasury to offset his social security benefit. [DE at 1600]. Here, Cox's sentence included an order that Cox "shall make restitution" in the amount of "$285,000.00" as well as pay a $3,000 assessment ($100/count) and that the "payment of the total criminal monetary penalties shall be due" in the form of a "[l]ump sum payment of $288,000.00." [DE 97 at 1346-48]. Jurisdiction was transferred to the Southern District of Indiana to oversee Cox's probation and supervised release in this matter which, consistent with Cox's commencement and sentencing order, includes administration of Cox's restitution payments. [*See id.* at 1348 (providing that probation would develop a payment plan for Cox and authorizing said officer to specify where Cox's payments should be directed); *see also* 18 U.S.C. § 3605; *United States v. Adams*, 723 F.3d 687, 689 (6th Cir. 2013)]. And it was the Southern District of Indiana that placed Cox in the Treasury Offset Program. [DE 147-1]. Thus, even if a federal court could provide the relief Cox seeks, it would not be in this Court.[4]

Finally, the Court notes that Cox does not actually allege a violation of federal law. In support of Cox's claim that the government is collecting an "illegal rate of 17%" from his monthly social security benefit, Cox cites to a TOP notice dated November 3, 2023. [DE 152-4 at 1616]. Although this is a different notice than previously submitted, it merely confirms what the Court observed in its prior opinion—that the undisputed facts in the record show that just 15% was withheld towards the restitution owed by Cox. [DE 151 at 1597]. The notice explains that "$226.65" is being withheld per month from Cox's "Original Payment Amount" of "$1511.00"— in other words, 15% of Cox's monthly benefit. [DE 152-4 at 1616; *cf.* DE 147-1 (August 2, 2024 notice showing that $207.60 of $1384 monthly benefit, or 15%, was applied to Cox's debt)].

---

[4] Indeed, Cox is currently challenging the TOP offset in a separate civil action in the Southern District of Indiana. *See Cox v. United States Dep't of Just. et al*, No. 1:23-cv-01601-JPH-MJD.

For the foregoing reasons, Cox's requests that the Court amend, modify or otherwise disturb his social security offset through the TOP [DE 152; DE 161; DE 168; DE 170] are **DENIED.**

### B. Enforcement of Alleged October 2009 Order

The Court next addresses Cox's various requests to enforce this "Court's Order to compensate Plaintiff 53 cents per hour for time illegally held after Ohio Court of Appeals order[ed] the release of the Plaintiff which The Bureau of Prisons has failed to pay." [DE 152 at 1599]. Cox's requests are denied because no such order exists. The Court is unable to find any record or document, and Cox provides none, which reflect this alleged order. The "Ohio Court of Appeals" decision Cox is apparently referring to is the Sixth Circuit's order, filed December 16, 2009, vacating in part Cox's conviction in this Court below. [See DE 82]. No order from this Court after (or before) the Sixth Circuit's remand purports to grant the relief Cox requests.

Indeed, Cox's motions on this issue seem to arise from his misunderstanding of the substance of his conviction, the Sixth Circuit's remand order, and Judge Heyburn's comments at Cox's resentencing. Cox summarizes those proceedings as follows:

> This case originated in the Western District of Kentucky in June 2006 on a 39-count indictment and went to trial on June 26,2007, at which time 11 women and an elderly black man returned a guilty verdict on all counts. In March of 2010, the 6th Circuit in Ohio overturned and remanded the case. At the time, I had served 34 months, sufficient to set me free. However, Judge Heyburn II said since I had shown no remorse (I pleaded innocent) that he wasn't going to honor the 6th Circuit but would pay me 53 cents per hour for the time served.

[DE 172-1 at 1724].

Cox's account is at odds with the undisturbed record in this case. Although the Sixth Circuit did vacate and reverse Cox's original conviction and sentence, it did so *only* as to counts 31-39 and specifically affirmed the remaining counts. [See DE 82 at 1271 ("We VACATE Cox's conviction and sentence as to counts 31-39, AFFIRM as to the remaining counts, and REMAND

8

to the district court to enter a new judgment."). Nor did Court of Appeals suggest that the 34 months Cox had already served were sufficient to set him free. In fact, the order specifically noted otherwise:

> Even though we vacate Cox's conviction as to counts 31-39, ***his term of imprisonment may not change***. Because the district court sentenced Cox to concurrent 75-month terms on each count, the fact that we vacate the conviction means only that Cox is no longer ordered to pay the $100 special assessment for each of these counts.

[DE 82 at 1267 n.1 (emphasis added)]. The Court of Appeals went on to reject Cox's other challenges to his conviction and Judge Heyburn's sentence.

On remand, Judge Heyburn did exactly what the Sixth Circuit had contemplated when resentencing Cox, in part because Cox showed no remorse for his scheme to defraud his victims:

> THE COURT: Okay. Well, I'm glad to be reminded of what I said last time. I don't see that a whole lot has changed, quite frankly. The fact that the eight counts were removed doesn't change the overall picture of what he did in any way, really, shape or form. It certainly doesn't change the advisory guideline range at all, and it doesn't change the overall picture of what he did and his apparent complete lack of understanding of what he did or, for that matter, you know, remorse.

[DE 98 at 1363 – 64]. Absent from Judge Heyburn's discussion of Cox's sentence is any suggestion that Cox be paid "53 cents per hour for the time served." It is possible that Cox's confusion derives from a statement made by Judge Heyburn that Cox would be given "credit for time served." [*Id.* at 1366].[5] However, this statement reflects only that Cox would be "credit[ed]" the 34 months of imprisonment already served against the "total time of 75 months" of

---

[5] The full transcript quote also includes the numbers "53," further indicating that Cox's claims are the result of misapprehension:

> [THE COURT:] Having considered the advisory guideline ranges and 18 USC Section 3553(a), it is the judgment of the Court that the defendant is committed again to the custody of the Bureau of Prisons for 75 months as to Counts 1 through 30, to run concurrently, for a total time of 75 months, of course, with credit for time served.

[DE 98 at 1366].

9

imprisonment that Cox was resentenced to serve. [*Id.*]

In sum, the record shows that the Sixth Circuit's decision was far from the exoneration Cox's motions paint it as. Judge Heyburn's sentencing order was consistent with, not contrary to, the Sixth Circuit's remand order. Thus, not only is Cox unable to point to anything in the record that directly supports his claims, but the circumstantial allegations he proffers are expressly refuted by the record.

Accordingly, Cox's requests regarding this alleged order, including Cox's requests that the court enforce or take judicial notice of the alleged order, [DE 152; DE 156; DE 161; DE 165; DE 170; DE 171; DE 172] are **DENIED.**

### C. Miscellaneous Procedural Issues

Cox's motions also asserts various alleged procedural issues, including "the Failure of the Clerk's Office to Acknowledge Receipt of Defendant's Motion," [DE 152 at 1600], the failure of the United States "to include a certificate or affidavit of service," [DE 162 at 1656], the failure of the United States to respond to Cox's challenges to his TOP offset [DE 170 at 1711], and the failure of the United States to "file a responsive pleading or clarification" with respect to Cox's allegations regarding the alleged order [DE 171 at 1714].

The Court finds that Cox's requests without merit. The United States has filed responses pursuant to the briefing schedule set by the Court addressing the two substantive issues Cox continues to raise—his TOP offset and the alleged order from Judge Heyburn. [*See* DE 155; DE 160]. Given the duplicative nature of Cox's filings, the Court is able to dispose of all of his motions and no further response from the United States is required. And Cox has not shown that any relief is warranted based on the other alleged procedural violations. Cox's requests for procedural relief, including the Motion to Strike or Disregard Plaintiff's Filing for Failure to Serve [DE 162], are **DENIED**.

### D. Further Disposition

It is well established that a district court possesses the inherent authority to control proceedings before it, and to take all necessary and appropriate steps to manage its docket. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Where a party repeatedly takes actions that interfere with the orderly processing of cases or that undermine the dignity and solemnity of court proceedings, a court may impose appropriate sanctions to prevent such conduct, *id.* 45–46, including imposing filing restrictions. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *see also Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) ("[W]e see nothing wrong . . . with an order . . . that places limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category."). In *Filipas*, the Sixth Circuit contemplated that the "proper method for handling the complaints of prolific litigators" is to issue an order requiring leave of court prior to further filings. 835 F.2d at 1146.

As illustrated by this Order, Cox is a "frequent filer" in both this District and others within the Sixth and Seventh Circuits. Cox's motions constitute attempts to re-litigate issues previously decided adversely in this case and other actions within the Western District of Kentucky and the Southern District of Indiana. *See, e.g., Cox vs. Federal Bureau of Prison*, 3:25-cv-00140-RGJ (W.D. Ky.); *Welby v. United States Department of Justice*, 1:23-cv-1601-JPH-MJD (S.D. Ind.); *Cox v. United States Department of Justice*, 3:25-cv-88-JHM (W.D. Ky.). Cox was on notice that his conduct is sanctionable. *See* Order, *Cox vs. Federal Bureau of Prison*, 3:25-cv-00140-RGJ (W.D. Ky.), ECF No. 12. To prevent further frivolous litigation and in the interest of judicial economy, the Court finds that sanctions against Cox are appropriate.

Accordingly, the Court designates Cox as a restricted filer and Cox shall require leave of

court before any further filings in this matter or any new cases relating to the issues addressed herein are docketed.

### III. CONCLUSION

For all the reasons set forth above, and the Court being sufficiently informed, **IT IS ORDERED** as follows:

(1) Cox's motions [DE 152; DE 156; DE 161; DE 162; DE 165; DE 168; DE 170; DE 171; DE 172] are **DENIED**; and

(2) Cox is **DESIGNATED AS A RESTRICTED FILER**. The Clerk's office is directed to refrain from docketing Cox's filings. Instead, the Clerk's office shall forward these filings to the Court for review.

Rebecca Grady Jennings, District Judge
United States District Court

October 15, 2025